IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MICHAEL TITUS,
also known as Iamsui                                                                                                    PLAINTIFF

v.                    Civil No. 6:24-CV-06044-SOH-BAB

RAPPER T.I. HARRIS; ELON MUSK, TESLA;
BEAUTY AND THE BEAST (THE MOVIE);
OLIVETTE PRODUCTS; BACK TO THE FUTURE
III (THE MOVIE); NIKE AIR MAG; And
VLADIMIR PUTIN, RUSSIAN HEAD LEADER                                            DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On March 29, 2024, Plaintiff Michael Titus, a prisoner at the Omega Center, Arkansas Division of Correction ("ADC"), initiated the above-captioned civil action. ECF No. 1. Pursuant to the provisions of 28 U.S.C. § § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purposes of making a Report and Recommendation. ECF No. 3.

Pursuant to 28 U.S.C. § 1915A of the Prison Litigation Reform Act ("PLRA"), the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon preliminary review of Plaintiff's original Complaint and what was docketed as an Amended Complaint[1], this Court ordered Plaintiff to submit a Second Amended Complaint to clarify his claims. ECF No. 6.[2]

On May 8, 2024, Plaintiff filed a Second Amended Complaint which is now before the Court for preservice review. ECF No. 7. For the reasons outlined below, this Court recommends

---

[1] This document, filed on April 17, 2024, consists of 5 pages and appears to be a supplement to his original Complaint. ECF No. 5.
[2] Plaintiff's application to proceed *in forma pauperis* was also granted in this order.

1

this matter be dismissed without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915A(b)(1).

## I. BACKGROUND

Plaintiff's Second Amended Complaint is 22 pages long and identifies the following Defendants in the caption of the complaint, each of whom are clearly private actors: "Rapper T.I. Harris; Elon Musk Tesla; Beauty and the Beast (the Movie); Olivette Products; Back to the Future III (the Movie); Nike Air Mag; and Vladamir Putin, Russian Head Leader." ECF No. 7. In addition, the last 7 pages of the Second Amended Complaint appear to be photocopies of portions of a complaint previously filed by Plaintiff in another case which are unrelated to the allegations in his Second Amended Complaint. *Id.* at pp. 16-22.

Plaintiff asserts three claims for relief.[3] The substance of the claims themselves, however, are nearly impossible to decipher. For example, Plaintiff's Claim One asserts in part:

> Rapper TI harris got presented with the making of the electronic faux [unintelligible] AKoo brand boots with a self lacing system and The king of the South title. I'm a native of Arkansas and none of my constitutional rights are being applicded … I felt that the southern brand should have the appointed Prince of Helena with in the walls and the making of its name for southern natives all my Constitutional rights were violated…

ECF No. 7, p. 4. Plaintiff's Claim Two states in part:

> "Elon Musk and tesla, and Tesla Distribution … All my constitutional rights have been affected in the manner because of the non schaulaunt attitude and action … Musk turned me away from his door of his company because of an idea of mine he feels like he might have trade marked car's that read off of your hand and fingerprints. I got negative responses's from Elon Muske's group …"

ECF No. 7, p. 6. Plaintiff's Claim Three against Defendant Beauty and the Beast (the

---

[3] Under each claim, Plaintiff checked the boxes for 1) Official capacity only, 2) Individual capacity only, and 3) Both Official and Individual capacity. ECF No. 7, pp. 5, 7-8. The Court finds it is not necessary to address official and individual capacity claims because none of the claims make any sense and none of the Defendants are state actors.

movie) alleges in part:

> … The Arkansas state's constitutional right's from the whole state have been patronized …
>
> The whole southern for not being acknowledged in the making of this movie what happened to me my oaura was played with when you make a movie off of somebodies's oaura make one about that [unintelligible] while that person is present all through out the whole movie it was a searching me out thing through the Just give me what the inspiration of the character's in the movie. The Beast the Black man from the south is it not. The Beauty her name's bell. WOW. What was the southern Bell of the era's name back then…

ECF No. 7, pp. 7-8.

## II. LEGAL STANDARD

Under PLRA, the Court is obligated to review the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A pro se complaint, moreover, is to be given liberal construction, meaning "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004). However, "they still must allege sufficient facts to support the claims advanced." *Id.* at 914 (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

3

### III. DISCUSSION

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, to state a claim for relief, a pleading must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief . . .." Fed. R. Civ. P. 8(a)(2). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Sanders*, 199 F.3d 968, 973 (8th Cir. 1999)). "Rule 8 was not promulgated to provide helpful advice; it has the force of law, and it must be followed." *Gurman v. Metro Hous. & Redev. Auth.*, 842 F.Supp.2d 1151, 1152 (D. Minn. 2011).

Here, Plaintiff's Second Amended Complaint does not comply with Rule 8 because Plaintiff fails to clearly describe the facts of his claims and he fails to assert a cognizable cause of action against any Defendant. First, three of the Defendants identified in the case caption are not mentioned again in the "Statement of Claims" section of the Second Amended Complaint. Specifically, Plaintiff fails to assert how Defendants "Olivette Products", "Back to the Future III (the Movie)," or "Nike Air Mac" have anything to do with his claims.

Second, turning to the claims themselves, Plaintiff expressly asserts a violation of his constitutional rights. As there is no direct cause of action under the United States Constitution, this Court construes Plaintiff Amended Complaint to allege a cause of action under 42 U.S.C. § 1983. *See Quality Refrigerated Services, Inc. v. City of Spencer*, 908 F. Supp. 1471, 1487 n.9 (N.D. Iowa 1995) ("There is simply no direct cause of action arising out of the Constitution itself against municipal officials for alleged constitutional violations.").

To state a claim under 42 U.S.C. § 1983, however, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under *color of state law*." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). To constitute state action, "the deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible, and the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Id.* (internal citation omitted).

Here, Plaintiff has failed to allege any facts to suggest *any* Defendant was operating as a *state* actor at the time of the events giving rise to his claims. Further, Plaintiff has failed to assert which constitutional right any of the Defendants purportedly violated. Thus, to the extent Plaintiff asserts claims under Section 1983, such claims fail as a matter of law.

To the extent that Plaintiff asserts some other cause of action, this Court will not comb through Plaintiff's filings searching for relevant facts to cobble one together for him. *See Bediako v. Stein Mart, Inc.*, 345 F.3d 835, 840 (8th Cir. 2004) (federal courts are not required to "divine the litigant's intent and create claims that are not clearly raised"). Rather, having closely reviewed the Second Amended Complaint, this Court finds the Second Amended Complaint—even when liberally construed—fails to articulate any facts or law from which this Court could discern any valid causes of action.[4]

## IV.  CONCLUSION

For the reasons stated above, this Court recommends: (1) Plaintiff's Second Amended Complaint (ECF No. 7) be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim;

---

4 This Court previously directed Plaintiff to submit an amended complaint after noting legal and factual deficiencies with the original and Amended Complaints. ECF No. 6. Therefore, no further leave to amend is warranted.

and (2) Plaintiff be warned in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the Clerk is directed to place a § 1915(g) strike flag on the case for future judicial consideration.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 16th day of May 2024**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE